United States District Court
Southern District of Texas
**ENTERED**
January 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FERNANDO GARCIA TOBON, | § § | CIVIL ACTION NUMBER 4:25-cv-06145 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| GRANT DICKEY, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Fernando Garcia Tobon is a citizen of Mexico who entered the United States without inspection in January 2002. Dkt 1 at ¶¶40–41. He was taken into custody by Immigration and Customs Enforcement on October 7, 2025. Id at ¶43. He remains in custody at the Joe Corley Processing Center in Conroe, Texas. Id at ¶45. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges his detention under the INA, the Due Process Clause of the Fifth Amendment, the APA, and his alleged membership in the class purportedly certified in *Bautista v Santacruz*, 2025 WL 3713987 (CD Cal). See id at ¶¶51–92.

The Government responded. Dkt 9. It contends that Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings. Id at 1.

*As to the INA claim*, this action presents the same issue of textual interpretation recently addressed and resolved

by the undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex). See Dkt 4 at 1–2. The construction given 8 USC §§1225 and 1226 in that case controls here and forecloses Petitioner's INA claim.

Petitioner's arguments against that construction are unpersuasive. Petitioner is an *applicant for admission* because he is present in the United States without having been lawfully admitted. See 8 USC §1225(a)(1). He is thus also *seeking admission* because, as the Government noted at hearing, the same statute elsewhere treats applicants for admission as a subset of those seeking admission. See 8 USC §1225(a)(3) (subjecting to inspection all persons "who are applicants for admission *or otherwise seeking admission*") (emphasis added). And because admission means *lawful* entry under 8 USC §1101(a)(13)(A), Petitioner's interpretation of "seeking admission" as requiring some *present* action towards admission would establish "a perverse system in which an alien becomes subject to harsher treatment only upon actively seeking lawful status." *Chen v Almodovar*, 2025 WL 3484855, \*5 (SDNY) (internal quotation marks and citations omitted).

Petitioner's additional argument that he falls under §1225(b)(1)(A)(iii)(II) also fails. That portion of the statute applies to a person not admitted or paroled into the United States "who has not affirmatively shown, to the satisfaction of an immigration officer," physical presence within the country "continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." If Petitioner fell into this category, then §1225(b)(2)(A) wouldn't apply. See 8 USC §1225(b)(2)(B)(ii). But Petitioner states that he *has been* "physically present in the United States for well over two years." Dkt 1 at ¶54. This means that §1225(b)(1)(A)(iii)(II) doesn't apply on its own terms. And even if it did, Petitioner hasn't articulated why his falling under that statute would entitle him to a bond hearing or otherwise make his detention unlawful.

*As to the due process claim*, the Supreme Court has stated that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*

*v Kim*, 538 US 510, 531 (2003) (citations omitted). As such, "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id at 526. Petitioner's detention thus doesn't violate due process.

*As to the APA claim*, the Government argues such claim is foreclosed by 5 USC §704, given that Petitioner already has an adequate remedy through *habeas* relief. See Dkt 9 at 5, citing *Trump v JGG*, 604 US 670, 672 (2025). Petitioner didn't dispute this either at argument or in his reply brief. See Dkt 10 at 17. Even if not waived, the APA claim in any event relies on the same interpretation of 8 USC §§1225 and 1226 rejected by the undersigned for reasons stated above. See Dkt 1 at ¶¶71–79. It thus fails on the merits.

*As to the request for relief pursuant to Bautista v Santacruz*, the undersigned has already determined that the relevant order exceeds the jurisdiction of the district court issuing such. See Dkt 6 at 2, citing *Lopez v Lyons*, 2025 WL 3683918 (ND Tex) (Hendrix, J). At hearing, it was noted that *Bautista* will thus be treated solely as available persuasive authority, accorded no more weight than any other district court having weighed in on the issue. Taken as such, that decision doesn't raise sufficient reason to abandon the interpretation of 8 USC §§1225 and 1226 already articulated by the undersigned in *Montoya Cabanas*, 2025 WL 3171331 (SD Tex).

As such, the petition for writ of *habeas corpus* will be denied. Dkt 1.

\* \* \*

In so concluding, respectful acknowledgement is given to the seven other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 2025 WL 3684697 (SD Tex) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-

cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 2025 WL 3684693 (SD Tex) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex, Nov 21, 2025) (Lake, J); *Espinoza Andres v Noem*, 2025 WL 3458893 (SD Tex) (Hittner, J). Another three judges in this Division haven't reached decision, but two have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

That said, until the Fifth Circuit gives a definitive interpretation, it is simply up to each district court judge to give the text his or her own best reading. And in that regard, it's also noted that the Fifth Circuit has granted a motion to consider this issue on an expedited basis. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J), Dkt 80-2 at 2; see also *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division), Dkt 83-2 at 2.

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner may freely seek leave to file a motion for reconsideration on an expedited basis, if desired. Or he may initiate a separate petition.

*   *   *

The petition for writ of *habeas corpus* by Petitioner Fernando Garcia Tobon is DENIED. Dkt 1.

This action is DISMISSED.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on January 22, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge